**UNITED STATES of America,**
**Appellee,**

v.

**Selim ZHERKA, Defendant–Appellant.***

United States Court of Appeals,
Second Circuit.

Feb. 5, 2015.

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to

Frederick P. Hafetz, with Brian L. Doppelt and Kathleen E. Cassidy, on the brief, Hafetz & Necheles LLP, New York, NY, for appellant.

Elliot B. Jacobson, with Michael A. Levy, on the brief, Assistant United States Attorneys (for Preet Bharara, United States Attorney for the Southern District of New York), New York, NY, for appellee.

PRESENT: DENNIS JACOBS, GUIDO CALABRESI, RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Defendant Selim Zherka appeals from an order of the United States District Court for the Southern District of New York (Seibel, J.), granting the government's motion for detention pending trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Bail Reform Act of 1984 requires pre-trial release on a personal recognizance bond "unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). A serious risk of obstruction of justice may qualify as such a danger to the community. *See United States v. LaFontaine,* 210 F.3d 125, 134–35 (2d Cir.2000).

If the district court determines that release on the defendant's personal recognizance creates a risk of flight or a danger to the community, "the law still favors pre-trial release," *United States v. Sabhnani,*

conform with the caption above.

493 F.3d 63, 75 (2d Cir.2007), but "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B).

Only if the district court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" shall the court "order the offenders who should be denied bail pending trial.'" *Sabhnani*, 493 F.3d at 75 (quoting *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir.1987)) (internal quotation marks omitted).[1]

Assuming the district court applied the correct legal standard, we review an order of detention only for clear error. *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir.2004). "This clear error standard applies not only to the court's specific predicate factual findings but also to its overall assessment, based on those predicate facts, as to the risk of flight or danger presented by defendant's release." *Id.*

The district court's order of detention pending trial, although interlocutory, "qualifies as a final order that may be directly appealed to this court." *Abuhamra*, 389 F.3d at 317; *see also* 18 U.S.C. § 3145(c).

After a lengthy detention hearing, the district court made the following factual findings: (1) Zherka is a flight risk by reason of his incentive to flee, foreign-born relatives, foreign assets, and prior statements about moving to Europe; (2) Zherka is a danger to the community by reason of prior instances of violence (and more recent boasts about that violence), as well as a history of obstruction of justice; and

(3) no condition (or combination of conditions) could be imposed, short of detention, that would reasonably assure Zherka's presence at trial or the safety of the community.

The district court applied the correct legal standard and, on this record, we cannot say that any of the district court's factual findings—about risk of flight, dangerousness, or less restrictive conditions—were clearly erroneous. So we must affirm the order of detention.

For the foregoing reasons, and finding no merit in Zherka's other arguments, we hereby **AFFIRM** the order of the district court.

---

1. "Certain crimes trigger a statutory presumption that no condition or combination of conditions will reasonably assure a defendant's appearance before the court or the safety of the community." *Sabhnani*, 493 F.3d at 75 n. 14 (citing 18 U.S.C. § 3142(e)). None of these crimes is at issue here.